**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ERNEST LEACH and NANCY LEACH,

        Plaintiffs,                            Case No. 07-10200

v.                                                    Hon. Gerald E. Rosen

PONTIAC POLICE DEPARTMENT, *et al.,*

        Defendants.

_____/

**OPINION AND ORDER GRANTING
<u>DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT</u>**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    <u>September 30, 2008</u>

PRESENT:  Honorable Gerald E. Rosen
                   United States District Judge

Plaintiffs Ernest and Nancy Leach, proceeding *in pro per,* commenced this latest federal suit on January 11, 2007 against two City of Pontiac agencies (the "Pontiac Defendants") and a private firm, Adlers Towing, Inc., asserting federal constitutional and state-law claims against the municipal Defendants and what appears to be a state-law claim against Defendant Adlers.[1] Through motions filed in September of 2007, each of

---

[1]Plaintiffs have an extensive history of federal litigation against the City of Pontiac and various of its agencies, to say nothing of their prolific state-court filings. Prior to the present action, Plaintiffs most recently filed a case in this Court (Case No. 04-74849) on December 13, 2004, asserting claims that bear a substantial similarity to the claims advanced in the present suit. This earlier suit was dismissed on Plaintiffs' motion on September 26, 2005, based upon Plaintiffs' apparent recognition that their claims faced "various jurisdictional obstacles," as well as the Court's urging at a June 20, 2005 conference that Plaintiffs should "carefully consider whether they had a good faith basis for proceeding with the case in this Court." (*See* Case No.

these Defendants seeks an award of summary judgment in its favor. Plaintiffs have not responded to these motions. For the reasons stated briefly below, the Court readily concludes that Defendants' motions should be granted.

Plaintiffs' claims in this case rest entirely upon alleged legal violations purportedly committed by Defendants as they executed a state court order in April of 2004. In this order, entered on September 4, 2002, the state court (i) found that the City of Pontiac had established the existence of code and ordinance violations on Plaintiffs' property located at 348 Seward in Pontiac; (ii) instructed Plaintiffs to remedy all such violations on or before September 24, 2002; (iii) directed the City to inspect the premises on September 25, 2002 to verify that it was in compliance with all pertinent codes and ordinances; and (iv) authorized the City to enter upon the premises and correct any remaining code or ordinance violations that it found during its court-ordered inspection. (*See* Complaint, Ex. A.) Plaintiffs appealed this order, and the Michigan Court of Appeals affirmed this ruling in all respects in February of 2004. (*See* Pontiac Defendants' Motion, Ex. K.) When the time for further appeal to the Michigan Supreme Court had passed, the City notified Plaintiffs on April 1, 2004 that they would be given until April 14, 2004 to remedy any code and ordinance violations and to secure the approval of City inspectors, and that the City would then enter upon the premises on April 15, 2004 to correct any remaining violations. (*See* Complaint, Ex. C.) The City evidently determined that

---

04-74849, 9/26/2005 Order.) As indicated by the Court at an April 2, 2007 scheduling conference in this case, and as reflected in the rulings below, Plaintiffs' present claims suffer from similar legal deficiencies.

Plaintiffs had failed to remedy all of the code and ordinance violations on their property, and thus entered the property on April 15, 2004 to correct the remaining violations.

Assuming, without deciding, that an independent federal action could properly be brought arising from federal constitutional and other violations allegedly committed during Defendants' execution of the state court's September 4, 2002 order, the Court readily concludes that no such suit may be pursued under the particular circumstances presented here. Not only would it have been possible, as an alternative to a separate federal suit, to pursue the claims asserted here before the state court that issued the September 4, 2002 order, but the record demonstrates that ***Plaintiffs pursued precisely this course of action.*** Specifically, on April 15, 2004 — the very same day the City entered onto their property — Plaintiffs filed a motion with the state court asking that the City be ordered to show cause whether it had exceeded the scope of the court's September 4, 2002 order, and the state court set this motion for hearing on April 28, 2004. (*See* Pontiac Defendants' Motion, Ex. A.) Following this hearing, the state court dismissed Plaintiffs' request for a show cause order. (*See* Pontiac Defendants' Motion, Ex. L.) While this evidently was not the end of the matter — predictably, Plaintiffs continued to file various motions, including a May 23, 2005 motion requesting that the state court clarify its April 28, 2004 ruling, (*see* Pontiac Defendants' Motion, Ex. F) — Plaintiffs acknowledge in their present complaint that this matter reached a conclusion on November 1, 2006, when the state court rejected their "due process" challenge. (*See* Complaint at ¶ 11.)

Under these circumstances, the Court agrees with Defendants that the doctrine of *res judicata,* or claim preclusion, forecloses Plaintiffs' effort here to pursue claims that were or could have been litigated before the state court. The federal Full Faith and Credit Act mandates that state court proceedings and records "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. "This statute has long been understood to encompass the doctrines of res judicata, or 'claim preclusion,' and collateral estoppel, or 'issue preclusion.'" *San Remo Hotel, L.P. v. City & County of San Francisco,* 545 U.S. 323, 336, 125 S. Ct. 2491, 2500 (2005). As is evident from the statute itself, the preclusive effect of a state court ruling is determined by resort to that state's law of claim and issue preclusion. *See Darrah v. City of Oak Park,* 255 F.3d 301, 311 (6th Cir. 2001).

The Michigan courts have adopted a "broad approach" to the doctrine of *res judicata,* under which a party is foreclosed from pursuing "not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair v. State of Michigan,* 470 Mich. 105, 680 N.W.2d 386, 396 (2004). In this case, Plaintiffs expressly acknowledge that they raised before the state court at least one of the "due process" challenges they seek to pursue here, (*see* Complaint at ¶ 11), and they have not suggested, nor does the record otherwise indicate, why the state court proceedings might not have afforded them a sufficient opportunity to assert ***all*** of their various challenges to the City

4

of Pontiac's execution of the September 4, 2002 order. In the absence of any suggested barrier to pursuing their present claims before the state court, this Court finds that these claims are barred by the doctrine of *res judicata*.[2]

Arguably, however, the doctrine of *res judicata* forecloses only those claims brought against the Defendant agencies of the City of Pontiac, and not the private Defendant, Adlers Towing, which apparently was not a party to the state court suit. *See Adair,* 680 N.W.2d at 396 (observing that the doctrine applies only where "both actions involve the same parties or their privies"). Yet, while Plaintiffs' complaint is not a model of clarity, it appears that the only claim asserted against Adlers Towing is a state-law claim that the firm violated a Michigan criminal statute, Mich. Comp. Laws § 750.388, by "destroying vehicles such as a tractor" as it assisted in the City of Pontiac's execution of the September 4, 2002 order. (*See* Complaint, Br. in Support at 7.) As Adlers Towing observes in its summary judgment motion, there is no evidence of the Michigan legislature's intent that a violation of this criminal statute would give rise to a civil remedy. Accordingly, this state-law claim is subject to dismissal.[3]

---

[2]Alternatively, to the extent that Plaintiffs suggest that the state court erred or "abused its discretion" in its resolution of Plaintiffs' various challenges, (*see* Complaint at ¶¶ 9, 12), such a collateral federal court attack on the state court's rulings would be barred by the *Rooker-Feldman* doctrine. *See McCormick v. Braverman,* 451 F.3d 382, 391-92 (6th Cir. 2006).

[3]Moreover, to the extent that Plaintiffs mean to assert their federal constitutional claims against the Pontiac Defendants and Adlers Towing alike, the claims against Adlers Towing would fail for lack of any allegation whatsoever in the complaint that this company took any action that caused or contributed to a violation of Plaintiffs' federal constitutional rights. Finally, to the extent that Plaintiffs have asserted a state-law defamation claim against the Pontiac Defendants, these Defendants correctly point out in their motion that any such claim is time-barred under the applicable one-year Michigan statute of limitations governing such claims.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Pontiac Defendants' September 4, 2007 motion for summary judgment (docket #13) is GRANTED.[4] IT IS FURTHER ORDERED that Defendant Adlers Towing's September 19, 2007 motion for summary judgment (docket #17) also is GRANTED.

                                               s/Gerald E. Rosen
                                               Gerald E. Rosen
                                               United States District Judge

Dated: September 30, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2008, by electronic and/or ordinary mail.

                                               s/LaShawn R. Saulsberry
                                             Case Manager

---

*See* Mich. Comp. Laws § 600.5805(9).

[4] In addition to seeking an award of summary judgment in their favor, the Pontiac Defendants have moved for an award of sanctions. Although Plaintiffs' highly litigious behavior and baseless claims in this case might well warrant such an award, the Court finds that this request cannot be granted in light of the Pontiac Defendants' failure to comply with the "safe harbor" provision of Rule 11 by serving a separate motion for sanctions upon Plaintiffs at least 21 days before filing it with the Court. *See* Fed. R. Civ. P. 11(c)(2); *see also Ridder v. City of Springfield,* 109 F.3d 288, 296-97 (6th Cir. 1997) (requiring strict compliance with this provision). Nonetheless, Plaintiffs are expressly warned that any further suits they commence in this Court against the City of Pontiac or its agencies will be carefully scrutinized to ensure that their claims comport with the standards of Rule 11, and the Court will not hesitate to impose sanctions in the event that Plaintiffs fail to heed this warning.